UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RT ACQUISITION CORP., RATTAN
FURNITURE IMPORTS, LTD., RT
FURNITURE IMPORTS, LTD., RATTAN
FURNITURE IMPORTS OF CALIFORNIA,     04-CV-3942 (SJF) (ARL)
INC., AND RATTAN FURNITURE
IMPORTS OF TEXAS, LTD.     **OPINION & ORDER**

                Plaintiffs,

-against-

FREIGHT SAVERS SHIPPING CO., LTD.,

                Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

This Court's Orders dated February 28, 2005 and March 21, 2005 are hereby vacated and the following ORDERED in their stead:

I.     Introduction

Plaintiffs RT Acquisition Corp., Rattan Furniture Imports Ltd., RT Furniture Imports, Ltd., Rattan Furniture Imports of California, Inc., and Rattan Furniture Imports of Texas, Ltd. ("plaintiffs") commenced this action against defendant Freight Savers Shipping Co., Ltd. ("defendant"), alleging violations of the New York Debtor and Creditor Law ("DCL") §§ 270 *et seq.* Defendant moves to dismiss the claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for lack of standing, or in the alternative, pursuant to Fed. R. Civ. P. 9(b)

1

for failure to plead fraud with particularity. Defendant further seeks sanctions pursuant to Fed. R. Civ. P. 11.

II.   Background[1]

This case stems from an action pending in the Supreme Court of the State of New York, Nassau County, <u>Atlantic Warwick Corp. v. Ellenbogen</u>, No. 01-016405 ("Atlantic"), in which thirteen (13) affiliated corporations, including the five (5) plaintiffs in the instant action, allege that their common controller, Edward Ellenbogen ("Ellenbogen"), made unauthorized transfers between the corporations, to outside vendors, and to himself.

As part of the <u>Atlantic</u> litigation, defendant disclosed records of its transactions with the plaintiffs, but the records failed to prove that goods were delivered in exchange for Ellenbogen's payments. Defendant's failure to provide proof of the delivery of goods in exchange for Ellenbogen's payments generated the instant action in which plaintiffs allege that Ellenbogen transferred corporate funds to defendant without consideration.

III.   Standard of Review

A motion to dismiss should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling it to relief. <u>Levitt v. Bear Stearns & Co.</u>, 340 F.3d 94, 101 (2d Cir. 2003); <u>Weixel v. Bd. of Educ. of New York</u>, 287 F.3d 138, 145 (2d Cir. 2002). In deciding

---

[1] As required on motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in the complaint are accepted to be true for purposes of these motions, and all reasonable inferences are drawn therefrom in favor of plaintiff. The allegations do not, however, constitute findings of fact by the Court.

a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); New v. Ashcroft, 293 F. Supp. 2d 256, 257 (E.D.N.Y. 2003). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt, 340 F.3d at 101 (internal quotation and citation omitted). The issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support the claims. New, 293 F. Supp. 2d at 257 (citing Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)).

IV.   Plaintiffs' Claims

Plaintiffs allege that they, through their agent Ellenbogen, transferred money to defendant without consideration, that these transfers were fraudulent and that they are, therefore, creditors of defendant. While the allegations may ultimately prove true, such transfers do not, in and of themselves, entitle a party to bring suit under the DCL.

The purpose of the DCL is to protect creditors and provide them with relief against debtors who seek to fraudulently transfer assets. 30 N.Y. Jur. 2d, Creditors' Rights § 297 (2005) (citing American Surety Co. of N.Y. v. Conner, 225 A.D. 137, 144, 232 N.Y.S. 94 (N.Y. App. Div., 2d Dep't 1928), rev'd on other grounds, 251 N.Y. 1, 166 N.E. 783 (1929)); 13 Carmody-Wait 2d, N.Y. Prac. § 85:8 (2004) (same). Plaintiffs do not allege a fraudulent transfer by defendant of defendant's assets. Accordingly, defendant's motion to dismiss is granted.

V.   Leave to Amend

Motions to amend pleadings are governed by Fed. R. Civ. P. 15(a), which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Accordingly, leave to amend is generally granted unless the amendment: (1) has been unduly delayed; (2) is sought for dilatory purposes or is made in bad faith; (3) would cause undue prejudice to the opposing party; or (4) would be futile. Hightower v. Nassau County Sheriff's Dep't, 325 F. Supp. 2d 199, 204 (E.D.N.Y. 2004) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Plaintiffs' proposed Amended Complaint seeks, *inter alia*, damages for breach of contract. Since plaintiffs may have valid claims against defendant, leave to amend is granted.

VI.  Sanctions

Fed. R. Civ. P. 11 authorizes sanctions when "a pleading has been interposed for any improper purpose, or where, after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985).

Since plaintiffs' claims were neither interposed for an improper purpose, nor made in bad faith, defendant's request to levy sanctions under Fed. R. Civ. P. 11 is denied.

VII. Conclusion

This Court's Orders dated February 28, 2005 and March 21, 2005 are VACATED. Defendant's motion to dismiss plaintiffs' claims for failure to state a claim is GRANTED. Plaintiffs' request for leave to file an amended complaint is GRANTED. Plaintiffs shall serve their Amended Complaint upon defendant and file the Amended Complaint with this Court within thirty (30) days of the date of this Order. Defendant's motion for sanctions is DENIED.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: April 11, 2005
Central Islip, New York

5